UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**UMBERTO DAMIAN MERAZ, on behalf of**     CASE NO. _____
**himself and all others similarly situated**

**VERSUS**

**SPECIALTY INDUSTRIAL, LLC and**
**WILLIAM CARMOUCHE**

## COMPLAINT – COLLECTIVE ACTION UNDER FAIR LABOR STANDARDS ACT

1.

This is an action brought by Umberto Damian Meraz, an employee of defendant, Specialty Industrial, LLC. Mr. Meraz seeks redress on behalf of himself and all others similarly situated for the defendants' violations of their rights under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*.

2.

The putative collective action group consists of numerous manual laborers currently or previously employed by Specialty Industrial, LLC, who were paid on a straight hourly basis and have not received the overtime to which they are entitled under the Fair Labor Standards Act.

3.

The plaintiff seeks restitution of unpaid wages and an award of damages, attorneys' fees and costs to make the plaintiff and the collective action members whole for the damages they have suffered due to the defendants' violations of law, and to ensure that the defendants will not violate the rights of the plaintiff and similarly situated persons under the FLSA in the future.

*Jurisdiction*

4.

The Court has jurisdiction over this matter under 28 U.S.C. §1331 and 28 U.S.C. §1337.

*Venue*

5.

Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2). A substantial part of the conduct complained of herein occurred within this District. Both defendants are domiciled in this District.

***The Parties***

6.

At all times pertinent to this action, the plaintiff and other hourly employees of Specialty Industrial, LLC were employed by the defendants to perform industrial plant services in Louisiana, Texas and other states.

7.

The plaintiff and the collective action members were employees of the defendant Specialty Industrial, LLC during the time period to which this action pertains.

8.

Defendant Specialty Industrial, LLC is a limited liability company organized under the laws of the State of Louisiana.

9.

Defendant William Carmouche is an owner and manager of Specialty Industrial, LLC. Upon information and belief, it is defendant William Carmouche who implemented the policy of not paying overtime to certain employees.

*FLSA Coverage*

10.

The FLSA applies to defendants' employment of plaintiff Meraz.

11.

Defendants Specialty Industrial, LLC and William Carmouche are the "employers" of plaintiff as that term is defined by the FLSA.

12.

Defendant William Carmouche is the owner and chief executive of Specialty Industrial, LLC. Defendant William Carmouche has operational control over the payroll activities of the company. He is responsible for the violations of the FLSA complained of herein. Defendant Carmouche is therefore an "employer" of plaintiff Meraz under the FLSA and is personally liable to him for Carmouche's failure to pay him overtime compensation.

13.

Defendant Specialty Industrial, LLC hired plaintiff, directed his work, supervised him, and paid him an hourly wage. At all times Specialty Industrial, LLC had the power to hire and fire plaintiff.

14.

Defendant Specialty Industrial, LLC is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1). Defendant has annual revenues that exceed $500,000.00. Its employees are laborers on major projects within industrial plants in multiple states, who handle, work on, and use tools, machinery, and construction materials that

have been produced and moved in interstate commerce in connection with Carmouche's construction activities.

## *Statement of Facts*

15.

Specialty Industrial, LLC provides a variety industrial services to plants in south Louisiana.

16.

Plaintiff Meraz was employed by Specialty Industrial, LLC beginning in about May 2019 and ending in about September 2020. During that time, Mr. Meraz consistently worked far in excess of 40 hours per week. He normally worked 7 days per week. On Mondays through Saturday his schedule began at 7:00 am through approximately 5:30 pm. On Sunday he normally worked from 7:30 to between 1:00 pm and 3:00 pm. He estimates that, on average, he worked 65 hours per week.

17.

Despite the fact that plaintiff Meraz was a non-exempt employee under the Fair Labor Standards Act, he was never paid an overtime rate of one and one-half times his regular rate of pay for hours worked in excess of 40 hours per week. He was paid his regular rate of pay for all hours worked.

18.

The defendants have also willfully and improperly avoided paying overtime to many other employees. Mr. Meraz is aware of dozens of other current and former Hispanic employees of Specialty Industrial, LLC who worked there without receiving overtime pay. On information and belief, this practice of not paying overtime does not apply solely to the defendant's Hispanic workers, but extends to all of the hourly laborers employed by defendants.

## *FLSA Collective Action Allegations*

19.

The claims set forth above are brought by the plaintiff on behalf of himself and all persons who were, are, or will be employed by Specialty Industrial, LLC during the applicable statutes of limitations, who were not compensated at 1 and 1/2 times their regular rate of pay for hours worked in excess of 40 hours per week.

20.

Plaintiff Meraz seeks to represent similarly situated construction workers who were paid on an hourly basis without receiving overtime pay from defendant Specialty Industrial, LLC during the applicable statutes of limitation.

21.

The defendants know the precise number, as well as the identities, of individuals who would be eligible to participate in this collective action. That group is believed to include scores of individuals, and perhaps well over one hundred people. To the extent required by law, notice will be provided to the prospective members of the collective action via first class mail and/or by use of other forms of notice that have customarily been used in collective actions, subject to court approval.

22.

There are questions of fact and law common to the class, including whether Specialty Industrial, LLC failed to pay overtime wages as required by the FLSA.

23.

The plaintiff and the collective action members he seeks to represent are similarly situated and are subject to the defendants' unlawful employment practices outlined above. Plaintiff will

fairly and adequately represent and protect the interests of the members of the collective action. Attorneys for the plaintiff are experienced in class actions and collective actions, and are prepared to advance litigation costs as necessary to vigorously litigate this action.

### *Count I: Failure to Pay Overtime Violation of FLSA*

24.

The FLSA applies to the defendants' employment of the plaintiff and other employees engaged in construction work.

25.

Section 207(a)(2)(C) of the FLSA mandates that employees are entitled to overtime pay at a rate of no less than one and one-half (1 1/2) times the employee's regular rate for all hours worked in excess of 40 hours per week.

26.

The defendants have willfully refused to pay overtime to the plaintiff and the collective action members whom he seeks to represent for hours worked in excess of 40 hours per week.

### **PRAYER FOR RELIEF**

WHEREFORE, plaintiff Meraz, on his own behalf and on behalf of the collective action members he seeks to represent, prays for the following relief:

1. Designation of this action as a collective action pursuant to the Fair Labor Standards Act claims and a prompt issuance of notice, pursuant to 29 U.S.C. §216(b), to all similarly situated members of the FLSA opt-in class notifying them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. §216(b) and equitable tolling of the statute of limitations

from the date of filing this complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. §216(b);

2. An award of damages as provided by the FLSA, including liquidated damages to be paid by defendants;

3. An order appointing plaintiff and his counsel to represent the collective action members.

4. Reasonable attorneys' fees, costs, and expenses of this action as provided by FLSA; and

5. Any other relief that this Court deems just.

Respectfully Submitted:

**ESTES DAVIS LAW, LLC**

/s/ Daniel B. Davis
Randall E. Estes (La. Bar Roll No. 22359)
Daniel B. Davis (La. Bar Roll No. 30141)
4465 Bluebonnet Boulevard, Suite A
Baton Rouge, LA 70809
Telephone: (225) 336-3394
Facsimile: (225) 384-5419
Email: dan@estesdavislaw.com
*Attorneys for Plaintiff*